IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LAURENCE EUGENE LEE                                                      PLAINTIFF

V.                                            NO. 15-5163

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration      DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Laurence Eugene Lee, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for DIB on July 23, 2012, alleging an inability to work since November 7, 2011, due to osteoarthritis in his lower back and blindness in his left eye. (Doc. 13, pp. 158-164, 208, 212). An administrative hearing was held on July 15, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 13, pp. 30-68).

By written decision dated September 20, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – early degenerative disc disease and reduced vision in the left eye. (Doc. 13, p. 22). However,

1

after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 13, p. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 C.F.R. §404.1567(b). (Doc. 13, p. 22). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform his past relevant work as a cashier II, administrative clerk, disc jockey, and broadcast engineer technician. (Doc. 13, p. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 21, 2014. (Doc. 13, pp. 8-12). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply

because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §404.1520  Only if the final stage is reached does the fact finder consider the

Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §404.1520, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §404.1520.

### III. Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in his credibility analysis; and 2) Whether the ALJ erred in his RFC determination. (Doc. 11).

### A.  Credibility Analysis:

Plaintiff argues that the ALJ omitted large portions of relevant testimony that rebuts the credibility and RFC determination. In support of his argument, Plaintiff notes his extensive history of seeking treatment for unresolved chronic pain since December of 2011, and the increases in his pain medication dosages.

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that pain was substantiated by the record, but that Plaintiff's pain relief seeking behavior and treatment was not indicative of a degree of pain that would limit activities beyond the scope of his RFC. (Doc. 13, p. 24). The ALJ addressed Plaintiff's daily activities, noting that he had no problem with personal care, needed no special reminders to take care of personal needs or to take medicine, prepared breakfast daily, took out the trash weekly, was able to pay bills, count change, handle a savings account, use a checkbook, spend time with family on the telephone and go to church on a regular basis. (Doc. 13, p. 20). The ALJ also addressed the medical records, such as the fact that diagnostic scanning of Plaintiff's lumbar spine revealed early degenerative changes with no significant disabling neurological changes; the fact that Plaintiff received routine conservative medical treatment; the fact that the January 3, 2012 MRI scan showed mild disc bulge and facet degenerative changes with mild foraminal narrowing and no canal stenosis; the fact that Dr. Barry Katz did not recommend surgery, but instead recommended that Plaintiff continue with pain management; the fact that although Plaintiff was advised to monitor the left eye cataract, Plaintiff's congenital vision problems did not limit his ability to work at substantial gainful activity in the past; and the fact that Dr. Cathy Luo, a pain management specialist, terminated Plaintiff's treatment and medications based on a urine drug screen result that was positive for methamphetamine. (Doc. 13, pp. 23-24).

With respect to side effects from the medication, the records indicate that on January 12, 2012, when Plaintiff was taking Percocet, he reported no side effects to Dr. Stephen Irwin. (Doc. 13, p. 328). On January 25, 2012, Plaintiff reported no side effects of medications to Dr. Alan Clark Von Gremp. (Doc. 13, p. 452). On February 26, 2012, Plaintiff reported no side effects of medications to Dr. Von Gremp. (Doc. 13, p. 454). On

5

May 25, 2012, Plaintiff reported to Dr. Von Gremp that the combination of Percocet and Neurontin was working well, he was able to mow, vacuum, and do things around the house that he had been unable to do before, and wanted to continue his current medications. (Doc. 13, p. 456). Also on May 25, 2012, Plaintiff reported no side effects at Mercy Hospital, and indicated he had not felt that good in a long time. (Doc. 13, p. 439). On January 31, 2013, Plaintiff reported to Dr. Luo that the Tizanidine she had prescribed had caused dizziness and seizure like symptoms, and that medication was therefore discontinued. (Doc. 13, p. 496). Therefore, there was no reason for the ALJ to address side effects of medication.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### B. RFC Determination:

Plaintiff argues that the ALJ failed to acknowledge the opinions of non-examining State agency reviewers, who opined that Plaintiff would be limited to light work with the additional limitations of only occasional stooping and crouching. Plaintiff also argues that the ALJ erred in omitting any visual restrictions within the RFC determination, and did not consider the impact on the RFC of alleged medication side effects.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).

6

The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *11 (N.D. Iowa Mar. 31, 2015)(quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

As noted by Defendant, any error by the ALJ in his lack of discussion of the state agency medical opinions is harmless, because the ALJ's step four finding would have remained unchanged even if he had discussed the opinion and included all of its limitations in the RFC finding. Stooping and crouching are not present in any of the jobs the ALJ found Plaintiff could perform – cashier II, administrative clerk, disc jockey, and broadcast engineer technician – under the Dictionary of Occupational Titles.

With respect to vision limitations, Plaintiff has had the vision impairment since birth, and there is no indication in the record that Plaintiff's vision impacted Plaintiff's ability to perform substantial gainful activity in the past. In addition, no visual limitations were included in the Physical RFC Assessment completed by the state agency physicians in their RFC assessments. (Doc. 13, pp. 75, 85). The Court also notes that Plaintiff denied any impaired vision to Dr. Luo. (Doc. 13, p. 472).

With respect to the side effects of medications, as indicated earlier in this discussion, the record does not support Plaintiff's claims of disabling medication side effects. In addition, the ALJ discussed the fact that Plaintiff reported irritability, not being able to handle stress well, and not being able to always finish what he started. (Doc. 13, pp. 24-25). However, the ALJ found Plaintiff's testimony was not consistent with the medical evidence as a whole, and the Court agrees.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### C. Hypothetical Question to the VE:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff would be able to perform his past relevant work as a cashier II, administrative clerk, disc jockey, and broadcast engineer technician. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 2nd day of December, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE